Smerling Enterprises, Inc., and Subsidiaries v. Commissioner.
Smerling Enterprises, Inc. v. Commissioner
Docket No. 3541-69.
United States Tax Court
T.C. Memo 1970-306; 1970 Tax Ct. Memo LEXIS 52; 29 T.C.M. (CCH) 1412; T.C.M. (RIA) 70306; November 3, 1970, Filed *52 Held: Legal and other professional fees expended for the defense and settlement of a legal action brought in connection with the construction of a drive-in theatre are capital expenditures and are not deductible as ordinary and necessary business expenses. Michael Schwartzbard, Benjamin Alpert, Myles J. Sachs, and Gerald W. Keil, for the petitioner. William M. Gross, for the respondent. QUEALY
Memorandum Opinion QUEALY, Judge: The respondent determined that there was a deficiency in the income tax due from petitioner for the taxable year 1966 in the amount of $4,424. The only issue presented for decision is whether legal and other professional fees in the amount of $10,289.88, expended for the defense and settlement of a legal action brought in connection with the construction of a drive-in theatre, are *53 capital expenditures or are deductible as ordinary and necessary business expenses under section 162. [1]
The facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Smerling Enterprises, Inc., and its subsidiaries (hereinafter referred to as "petitioners") are New Jersey corporations which had their principal offices at Newark, New Jersey, at the time the petition in this case was filed. Petitioners filed a timely consolidated corporate income tax return for the 52-53 week year ended December 27, 1966 with the district director of internal revenue at Newark, New Jersey. Prior to October 1963, petitioners were actively engaged in the operation of both drive-in and indoor motion picture theatres. In October of 1963, petitioners leased and/or subleased their theatres to a third party, General Drive-In Corp., and during the taxable year in issue were engaged predominately in the business of rental of the theatres. On October 15, 1962, a contract was entered into between petitioners and Raymond *54 Maksuta, t/a Everlast Paving and Construction Co., whereby, among other things, Maksuta was to furnish and place the required "borrow excavation" (material for embankment in excess of that obtained from on-site excavation), also known as "fill," for the construction of a new drive-in in theatre (hereinafter referred to as "Little Ferry"). Construction of Little Ferry was completed during 1963 on land leased by petitioners. During the construction period, a dispute arose as to the measurement of the number of cubic yards of fill provided by Maksuta. The provisions of the contract dealing with the payment to be made for the fill stated: The quantity of Borrow Excavation for which payment will be made will be the actual volume of borrow materials placed as determined by measurements made by the Engineer before and after grading, 1413 except that no materials placed beyond or above the limits delineated on the Plans or in the Specifications will be measured for payment. Allowance in pay quantities will be made for the actual settlement of the original ground during construction, as determined by the Engineer by prior and subsequent elevations taken on settlement boards placed *55 at original ground level before commencement of the work. Quantities will be measured in place, and no allowance will be made for shrinkage. After the work was completed, an engineer determined that the contractor had supplied 31,440 cubic yards of fill and that the contractor was entitled to $56,592, of which the petitioners had previously paid $39,100, leaving a balance of $17,492 due the contractor. The contractor refused to accept the determination of the engineer, claiming that he had supplied 67,018 cubic yards of fill, and brought an action in the Superior Court of New Jersey against the petitioners seeking to recover $81,528.80 as the balance due him. After trial, the court found in favor of the contractor in the amount of $76,870.40 plus interest of $13,338.69 for a total of $90,209.09. Petitioners appealed the decision to the appellate division of the Superior Court of New Jersey which reversed the decision of the lower court and remanded the case for a new trial with instructions that the engineer's determination was binding and conclusive on the parties unless the determination was shown to be fraudulent, arbitrary, or grossly mistaken. The purpose of the remand *56 was to have the lower court determine whether the engineer had made his calculations in accordance with the provisions of the contract and also to determine whether the computations were fraudulent, arbitrary, or grossly mistaken. After remand, petitioners and the contractor, Maksuta, agreed to a settlement of the litigation whereby petitioners paid Maksuta $50,000. The $50,000 was capitalized by petitioners as part of the leasehold improvement costs. During the taxable year involved herein, petitioners incurred legal and related professional fees in connection with the Maksuta litigation as follows: Kessler, Kessler and Harrington, Esqs. (Trial Attorneys)
$ 5,474.05
Wilentz, Goldman and Spitzer, Esqs. (Appellate Attorneys)
2,500.00
Johnson Soil Engineering Laboratory (Expert Witnesses)
650.00
Taylor, Wiseman and Sleeper (Expert Witnesses)
1,065.83
Florio Sak 600.00
Total Professional Fees in connection with lawsuit
At the time the expenditures were made, the unexpired term of the lease to the land upon which Little Ferry was constructed was 17 1/2 years.
In this case, petitioners paid legal and other professional fees incurred in the defense and settlement *57 of a legal action brought in connection with the construction of a drive-in theatre. The sole issue is whether these costs are capital expenditures or are deductible as ordinary and necessary business expenses.
Respondent argues that the litigation expenses were an expense of acquiring a capital asset and are therefor capital expenditures. Petitioners contend that these expenses were not sufficiently proximate to the acquisition of the capital asset so as to be considered as a part of the cost of acquiring the asset. Petitioners conclude that the litigation expenses were incurred in resisting the collection of amounts claimed to be owed for the capital asset and are therefore ordinary and necessary business expenses.
It is well established that even though an expenditure is ordinary and necessary and is related to a business, it is not deductible if it is an expense of acquiring a capital asset which will not be exhausted during the taxable year. See e.g., (on appeal by petitioner C.A. 9, April 6, 1970); .
The crucial test is the character of the transaction which gave rise to *58 the payments. If the origin of the claim litigated is in the process of the acquisition of the capital asset itself, expenses incurred in the litigation must be capitalized. ; ; ; The origin of the claim litigated in this case lies in the process of the acquisition of the capital asset itself in that it arose out of work performed by the contractors 1414 in the construction of a drive-in theatre. The litigation involved claims which were in part determinative of the cost of the theatre. Litigation expenses incurred in resisting these claims must also be considered to be part of the price paid for the facility.
On this basis, we conclude that the expenditures in question were capital expenditures and were not deductible as ordinary and necessary business expenses.
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩